UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **CHRISTOPHER PAYNE,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**TIBURCIO PROFESSIONAL GROUP CORP, d/b/a People Trucking Insurance**, a Florida registered corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Christopher Payne ("Plaintiff Payne" or "Payne") brings this Class Action Complaint and Demand for Jury Trial against Defendant Tiburcio Professional Group Corp d/b/a People Trucking Insurance ("Defendant" or "People Trucking Insurance") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited calls and text messages to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Payne, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1.      Plaintiff Payne is a resident of Boerne, Texas.

2.      Defendant People Trucking Insurance is a Florida registered corporation headquartered in Miami Lakes, Florida. Defendant People Trucking Insurance conducts business throughout this District and throughout the US.

1

## JURISDICTION AND VENUE

3.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.      This Court has personal jurisdiction over the Defendant because the Defendant is located in this District.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is located in this District.

## INTRODUCTION

6.      As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7.      When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8.      By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9.      The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10.     According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in November 2023 alone, at a rate of 150.2 million per day. www.robocallindex.com (last visited December 24, 2023).

11.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14.     Defendant Tiburcio Professional Group Corp operates using the d/b/a People Trucking Insurance.[3]

15.     People Trucking Insurance provides truck and transportation insurance to truck drivers and companies in 9 states including Texas where Plaintiff is located.[4]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityNam e&directionType=Initial&searchNameOrder=TIBURCIOPROFESSIONALGROUP%20P12000 0001570&aggregateId=domp-p12000000157-777edfe6-3a33-4f63-bd6e-be617bc9bb9c

[4] https://peopletruckinsurance.com/homepage

16.     Defendant People Trucking Insurance solicitation calls to consumers to solicit its insurance products, as per Plaintiff's experience.

17.     Defendant People Trucking Insurance places telemarketing calls and text messages to phone numbers that are registered on the DNC, as per Plaintiff's experience.

18.     Defendant People Trucking Insurance specifically states that cold calling will be used by its insurance agents to grow new business:

Job Posting for **Hiring Bilingual SALES 440 & 220 INSURANCE AGENTS** at **PEOPLE TRUCKING INSURANCE**

**Agency expanding in a new beautiful location hiring multiple candidates to join our dynamic agency team:**

Meet and exceed individual sales / production goals
Grow sales revenue via inbound / outbound channels
Provide the best insurance products & advice to meet the needs of our clients
Cross sell / Up sell to protect customers from gaps of insurance
Excellent research, analytical, negotiation, and communication skills are required.
Participate in department trainings and sales meetings
Shop renewals, create proposals and complete Acords
Demonstrates core values
Previous insurance sales experience is required. Minimum one year.
Must be able to multitask and prioritize daily workflow
A great self-starter
Customer Service Mindset
Grow new business base through a range of networking and sales tactics, including cross sales, cold calling and prospecting
for potential customers to effectively articulate the company's competitive advantage and new products.     [5]

19.     In response to these calls and text messages, Plaintiff Payne brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF PAYNE'S ALLEGATIONS

20.     Plaintiff Payne is the sole owner and user of his cell phone number ending in 0578.

21.     Plaintiff Payne registered his cell phone number on the DNC on March 15, 2023.

---

[5] https://www.salary.com/job/people-trucking-insurance/hiring-bilingual-sales-440-220-insurance-agents/j202303251857053930982

22.     Plaintiff Payne uses his cell phone number for personal use only. It is not associated with a business.

23.     On November 28, 2023, Plaintiff Payne registered a USDOT number.

24.     Shortly after registering the USDOT number, Plaintiff Payne received a large number of insurance solicitations from insurance companies, including solicitations from Defendant.

25.     On November 29, 2023 at 9:30 AM, Plaintiff received an unsolicited text message which included a picture to his cell phone from Defendant, from phone number 888-666-6919:



26.     888-666-6919 is operated by Defendant People Trucking Insurance:



27.     On November 29, 2023 at 10:42 AM, Plaintiff received an unsolicited call from Defendant to his cell phone from 954-666-0377.

28.     This call was not answered, but a blank voicemail was left by the Defendant.

29.     954-666-0377 is operated by Defendant:

### Employee Directory

Find e-mail addresses and telephone numbers of People Insurance Group employees.

JOSE TIBURCIO
PRESIDENT
jtiburcio@peopleinsurancegroup.com

Office Number  (786) 285-4858
Alternate Number  (954) 666-0377
Fax Number  (954) 666-0321
Download vCard  7

30.     On November 29, 2023 at 1:40 PM, Plaintiff received an unsolicited call from Defendant to his cell phone from 954-666-0377.

31.     This call was not answered, but a was left of music playing.

32.     On December 1, 2023 at 1:31 PM, Plaintiff received an unsolicited text message from Defendant to his cell phone from 888-666-6919 stating:

"Hi CHRISTOPHER,
We are specialist in Trucking Insurance, we can help you get the best coverage for your business! Reply "YES" and an agent will contact you soon.
Or visit now and book a call with our experienced agents. Kindly click on this link to book a call https://api.leadconnectorhq.com/widget/booking/P6dGYoXPrMPLcL1O0qF7

---

6

https://www.peopletruckinginsurance.com/workers_compensation/workers_compensation_insurance_request.aspx
7 https://www.peopleinsurancegroup.com/contact/

- People Trucking Insurance

33.     The aforementioned link leads to:



34.     On December 4, 2023 at 1:37 PM, Plaintiff received an unsolicited text message

from Defendant to his cell phone from 888-666-6919 stating:

> "Hi CHRISTOPHER
> Let us help you with your Trucking Insurance. You can call us 786-841-0725 or check
> our webpage  to know everything we can do for you! Or just reply "YES" and one of our
> specialists will contact you
> - People Trucking Insurance

35.     On December 6, 2023 at 11:40 AM, Plaintiff received an unsolicited text message

from Defendant to his cell phone from 888-666-6919 stating:

> "Hi CHRISTOPHER,
> Getting your DOT is the first step, getting the right coverage for your Trucking business is
> the key step! Let us partner with you in this amazing journey! You can call us 786-841-
> 0725 or check our webpage  to know everything we can do for you! Or just reply YES and
> one of our specialists will contact you!
> - People Trucking Insurance"

---

[8] https://api.leadconnectorhq.com/widget/booking/P6dGYoXPrMPLcL1O0qF7

36.     On December 8, 2023 at 11:40 AM, Plaintiff received an unsolicited text message

from Defendant to his cell phone from 888-666-6919 stating:

> "Hi CHRISTOPHER,
> Your trucking business deserves the best protection. Find out how our insurance solutions
> at People Trucking Insurance can safeguard your assets.
> Visit  for details and book a call with our dedicated agents. Your satisfaction is our
> priority! Here's the link to our calendar
> https://api.leadconnectorhq.com/widget/booking/P6dGYoXPrMPLcL1O0qF7
> - People Trucking Insurance"

37.     Plaintiff Payne has never done business with People Trucking Insurance.

38.     The unauthorized solicitation telephone calls and text messages that Plaintiff

received from or on behalf of Defendant have harmed Plaintiff Payne in the form of annoyance,

nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment

of his phone.

39.     Seeking redress for these injuries, Plaintiff Payne, on behalf of himself and a

Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

40.     Plaintiff Payne brings this action pursuant to Federal Rules of Civil Procedure

23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years
> prior to the filing of this action through class certification (1) Defendant People
> Trucking Insurance called/texted more than one time, (2) within any 12-month
> period, (3) where the person's residential telephone number had been listed on the
> National Do Not Call Registry for at least thirty days, (4) for substantially the same
> reason Defendant called/texted Plaintiff.

41.     The following individuals are excluded from the Class: (1) any Judge or Magistrate

presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents,

successors, predecessors, and any entity in which either Defendant or their parents have a

controlling interest and their current or former employees, officers and directors; (3) Plaintiff's

attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Payne anticipates the need to amend the Class definition following appropriate discovery.

42.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

43.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     whether Defendant People Trucking Insurance placed multiple calls/text messages within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(b)     whether the calls/text messages constitute a violation of the TCPA;

(c)     whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

44.     **Adequate Representation**: Plaintiff Payne will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Payne has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Payne and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Payne nor his counsel have any interest adverse to the Class.

45.     **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Payne. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Payne and the Do Not Call Registry Class)**

46.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

47.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

48.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

49.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Payne and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

50.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Payne and the Do Not Call Registry Class received more than one telephone call/text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

51.     As a result of Defendant's conduct as alleged herein, Plaintiff Payne and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

52.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

  a)   An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

  b)   An award of money damages and costs;

c)   An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)   An injunction requiring Defendant to cease all unsolicited calling/texting activity, and to otherwise protect the interests of the Class; and

e)   Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Payne requests a jury trial.

> **CHRISTOPHER PAYNE**, individually and on behalf of all others similarly situated,

DATED this 27th day of December, 2023.

> By: /s/ *Stefan Coleman*
>
> Stefan Coleman
> COLEMAN PLLC
> 66 West Flagler Street
> Suite 900
> Miami, FL 33130
> (877) 333-9427
> law@stefancoleman.com
>
> Avi R. Kaufman
> kaufman@kaufmanpa.com
> Kaufman P.A.
> 237 S Dixie Hwy, Floor 4
> Coral Gables, FL 33133
> Telephone: (305) 469-5881
>
> *Attorney for Plaintiff and the putative Class*