UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-24907-BB

CHRISTOPHER PAYNE, individually and
on behalf of all others similarly situated,

        Plaintiff,

v.

TIBURCIO PROFESSIONAL GROUP CORP,
d/b/a People Trucking Insurance, a Florida registered
corporation,

        Defendant.
_____/

### DEFENDANT TIBURCIO PROFESSIONAL GROUP CORP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, Tiburcio Professional Group Corp d/b/a People Trucking Insurance ("**Defendant**"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses to Plaintiff's, Christopher Payne ("**Plaintiff**"), Class Action Complaint [ECF No. 1], and states:[1]

### PARTIES

1. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies these allegations and demands strict proof thereof.

2. Defendant admits the allegations set forth in Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. Defendant admits the allegations set forth in Paragraph 3 of the Complaint for jurisdictional purposes *only*. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any

---

[1] Defendant denies it has committed any violations of the Telephone Consumer Protection Act ("**TCPA**") by purportedly placing unsolicited calls and text messages to phone numbers that are registered on the National Do Not Call registry. Defendant denies Plaintiff is entitled to any relief in this matter, including, but not limited to, injunctive and monetary relief on an individual and/or class-wide basis.

relief in this matter whatsoever.

4. Defendant admits the allegations set forth in Paragraph 4 of the Complaint for jurisdictional purposes *only*.  Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.

5. Defendant admits the allegations set forth in Paragraph 5 of the Complaint for venue purposes *only*.  Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.

**INTRODUCTION**

6. Defendant admits the allegations set forth in Paragraph 6 of the Complaint *only* to the extent *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020) speaks for itself.  Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.

7. Defendant admits the allegations set forth in Paragraph 7 of the Complaint *only* to the extent the referenced statute speaks for itself.  Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.

8. Defendant admits the allegations set forth in Paragraph 8 of the Complaint *only* to the extent In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003) speaks for itself.  Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.

9. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 9 of the Complaint and, therefore, denies these allegations and demands strict proof thereof.

10. Defendant admits the allegations set forth in Paragraph 10 of the Complaint *only* to the extent www.robocallindex.com speaks for itself.  Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.

11. Defendant admits the allegations set forth in Paragraph 11 of the Complaint *only* to the extent FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.

12. Defendant admits the allegations set forth in Paragraph 12 of the Complaint *only* to the extent Tom Wheeler, *Cutting Off Robocalls* (July 22, 2016) speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.[2]

13. Defendant admits the allegations set forth in Paragraph 13 of the Complaint *only* to the extent Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of* 1991, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016), speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.[3]

## COMMON ALLEGATIONS

14. Defendant admits the allegations set forth in Paragraph 14 of the Complaint.[4]

15. Defendant admits the allegations set forth in Paragraph 15 of the Complaint.[5]

16. Defendant denies as phrased the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

---

[2] Defendant admits the allegations set forth in Footnote 1 of the Complaint *only* to the extent https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls speaks for itself.

[3] Defendant admits the allegations set forth in Footnote 2 of the Complaint *only* to the extent https:www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/16061robocallscomment.pdf speaks for itself.

[4] Defendant admits the allegations set forth in Footnote 3 of the Complaint *only* to the extent https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=TIBURCIOPROFESSIONALGROUP%20P120000001570&aggregateId=domp-p12000000157-777edfe6-3a33-4f63-bd6e-be617bc9bb9c speaks for itself.

[5] Defendant admits the allegations set forth in Footnote 4 of the Complaint *only* to the extent https://peopletruckinsurance.com/homepage speaks for itself.

18. Defendant admits the allegations set forth in Paragraph 18 of Plaintiff's Complaint *only* to extent the referenced webpage in Footnote 5 speaks for itself.[6] Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.

19. Defendant admits the allegations in Paragraph 19 of the Complaint *only* to the extent Plaintiff purports this to be a case seeking injunctive relief, as well as an award of purported statutory damages on behalf of Plaintiff and a putative class. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.

## **PLAINTIFF'S ALLEGATIONS**

20. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 20 of the Complaint and, therefore, denies these allegations and demands strict proof thereof.

21. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 21 of the Complaint and, therefore, denies these allegations and demands strict proof thereof.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant admits the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 24 of the Complaint and, therefore, denies these allegations and demands strict proof thereof.

25. Defendant denies as phrased the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant admits the allegations set forth in Paragraph 26 of the Complaint.[7]

---

[6] Defendant admits the allegations set forth in Footnote 5 of the Complaint *only* to extent the referenced webpage speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.

[7] Defendant admits the allegation set forth in Footnote 6 of the Complaint *only* to extent the referenced webpage speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.

27. Defendant denies as phrased the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 28 of the Complaint and, therefore, denies these allegations and demands strict proof thereof.

29. Defendant admits the allegations set forth in Paragraph 29 of the Complaint.[8]

30. Defendant denies as phrased the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 31 of the Complaint and, therefore, denies these allegations and demands strict proof thereof.

32. Defendant denies as phrased the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant admits the allegations set forth in Paragraph 33 of the Complaint *only* to extent the referenced webpage in footnote 8 speaks for itself.[9] Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.

34. Defendant denies as phrased the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant denies as phrased the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant denies as phrased the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant admits the allegations set forth in Paragraph 37 of the Complaint.

---

[8] Defendant admits the allegation set forth in Footnote 7 of the Complaint *only* to extent the referenced webpage speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.

[9] Defendant admits the allegation set forth in Footnote 8 of the Complaint *only* to extent the referenced webpage speaks for itself. Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

## CLASS ALLEGATIONS

40. Defendant admits the allegations set forth in Paragraph 40 of the Complaint *only* to the extent Plaintiff purports to bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), but Defendant denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.  Defendant further denies this action is suitable for class treatment.

41. Defendant admits the allegations set forth in Paragraph 41 of the Complaint *only* to the extent Plaintiff purports to bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), but Defendant denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.  Defendant further denies this action is suitable for class treatment.

42. **Numerosity and Typicality**:  Defendant denies the allegations set forth in Paragraph 42 of the Complaint.  Further, Defendant denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.  Moreover, Defendant denies this action is suitable for class treatment.

43. **Commonality and Predominance**:  Defendant denies the allegations set forth in Paragraph 43 (including subparts (a) – (c)) of the Complaint.  Further, Defendant denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.  Moreover, Defendant denies this action is suitable for class treatment.

44. **Adequate Representation**:  Defendant denies the allegations set forth in Paragraph 44 of the Complaint.  Further, Defendant denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.  Moreover, Defendant denies this action is suitable for class treatment.

45. **Appropriateness**:  Defendant denies the allegations set forth in Paragraph 45 of the Complaint.  Further, Defendant denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.  Moreover, Defendant denies this action is suitable for class treatment.

CASE NO. 1:23-cv-24907-BB

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Purported Violations of 47 U.S.C. § 277)**
**(On Behalf of Plaintiff Payne and the Putative Do Not Call Registry Class)**

46.  Defendant adopts and incorporates its responses to Paragraphs 1 – 45 of Plaintiff's Complaint as if fully set forth herein.

47.  Defendant admits the allegations set forth in Paragraph 47 of the Complaint *only* to the extent that 47 C.F.R. § 64.1200 (c) speaks for itself.  Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.

48.  Defendant admits the allegations set forth in Paragraph 48 of the Complaint *only* to the extent that 47 U.S.C. § 227 (c) speaks for itself.  Defendant, however, denies it violated any laws and/or otherwise committed any wrongdoing and that Plaintiff, or any putative class members, is/are entitled to any relief in this matter whatsoever.

49.  Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50.  Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51.  Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52.  Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

WHEREFORE, Defendant respectfully requests this Honorable Court enter judgment against Plaintiff as to all issues and matters set forth in Plaintiff's Complaint, and requests all relief to which Defendant is entitled, including, but not limited to, costs pursuant to Rule 54 of the Federal Rules of Civil Procedure, along with any and all other relief this Court deems just and proper in light of the foregoing.

**GENERAL DENIAL**

Defendant denies each allegation of Plaintiff's Complaint not specifically admitted herein.

**JURY DEMAND**

Defendant, pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury on all issues so triable as a matter of right.

**AFFIRMATIVE DEFENSES**

For its additional defenses and without admitting that Defendant bears the burden of proof as to any defenses in this action, Defendant asserts the following affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, based upon the doctrines of unclean hands, estoppel, waiver, and/or other doctrines or theories of equity, including, but not limited to, assumption of risk, particularly (but not limited) to the extent that, Plaintiff expressly consented to receiving the at issue calls and texts but did not take efforts to stop them, Plaintiff's alleged claims in this case lack any basis in law or fact and/or do not exist, and/or Plaintiff requested, sought out, induced or otherwise encouraged phone calls and texts for the sole or intended purpose of bringing TCPA claims or without having suffered any injury. Moreover, Plaintiff accepted the alleged calls and text messages from Defendant or its alleged agents without objection and/or acted in bad faith in relation to the instant claims.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any damages and/or ascertainable loss as a result of the alleged actions of Defendant (which are denied). Plaintiff is also barred from asserting any claim against Defendant based on purported damages that are nominal and/or speculative.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, ratification, and consent to the extent Plaintiff provided his express consent to be contacted by the Defendant, including, but not limited to, text messages and phone calls and, therefore, Defendant did not engage in any *unsolicited* text messages and/or phone calls to Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant, at all times, acted in good faith and/or reasonable belief that its actions were lawful. Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA. Further, all conduct and activities of Defendant, including any purported agents, alleged in the Complaint conformed to statutes, regulations and industry standards based upon the state of knowledge existing at the time(s) alleged in the Complaint. As a consequence, Plaintiff's claims are barred in full, or in part, based on Defendant's good faith belief that it had good cause and/or a legitimate business reason to act as it did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's (or any putative class members) rights.

CASE NO. 1:23-cv-24907-BB

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of the members of the putative class he purports to represent, are barred in whole or in part as a result of their failure to mitigate their alleged damages, if any, and any recovery should be reduced in proportion to their failure to mitigate such purported damages.

### SIXTH AFFIRMATIVE DEFENSE

Assuming arguendo that Plaintiff received a text message from the Defendant, Plaintiff's claims are barred by human intervention. *Ramos v. Hopele of Fort Lauderdale, LLC*, 334 F. Supp. 3d 1262, 1274 (S.D. Fla. 2018).

### SEVENTH AFFIRMATIVE DEFENSE

Assuming arguendo that Plaintiff received a text message from the Defendant, said text message was not generated by an "automatic telephone dialing system."

### EIGHTH AFFIRMATIVE DEFENSE

If damages as alleged in the Complaint were actually sustained by Plaintiff (or any putative class member), which the Defendant denies, then said damages were caused solely by or contributed by the acts, omissions, and fault of third parties, persons and/or entities that may be at fault for the damages alleged.

### NINTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off for any and all collateral sources or monies paid to or for the benefit of the Plaintiff or otherwise available to the Plaintiff, if any.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, the balance of hardships and public interest weigh against the grant of an injunction, and Plaintiff has an adequate remedy at law. Plaintiff has failed to state facts that would entitle him to obtain injunctive relief because, among other reasons, there is no threat of immediate and/or continuing harm, and therefore Plaintiff lacks standing to pursue this relief and/or such relief is not available as a matter of law.

CASE NO.  1:23-cv-24907-BB

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a cause of action under the TPCA, as the Complaint fails to set forth facts sufficient to state or constitute a claim against Defendant and fails to state facts sufficient to entitle Plaintiff to the relief sought, or any relief whatsoever, from Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because he publicly listed the phone number at issue as the business number for his USDOT registration and, accordingly, the referenced phone number is used for "work" purposes; therefore, Plaintiff is not a "residential telephone subscriber" as required to assert a claim under Section 227(c) of the TCPA and the associated implementing regulations, 47 C.F.R. § 64.1200(c).  Additionally, because the phone number at issue is not a residential line, to the extent Plaintiff has registered that phone number on the National Do Not Call Registry, any such registration is invalid.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the alleged text messages do not constitute telemarketing, advertising or telephone solicitations as defined by 47 C.F.R. § 64.1200 and, therefore, Section 227(c) of the TCPA does not apply.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because, to the extent he received any text messages directly from Defendant or on behalf of Defendant, such text messages were the result of error and, as part of its routine business practice, Defendant (i) has established and implemented written procedures to comply with the National Do Not Call rules, (ii) has trained its personnel and any entity assisting in its compliance in procedures established pursuant to the National Do Not Call Rules, (iii) maintains and records a list of telephone numbers that Defendant may not contact, and (iv) uses a process to prevent telephone solicitations to any telephone number on any list established pursuant to the National Do Not Call rules and maintains records documenting this process.

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent the TCPA is applied against Defendant to impose upon Defendant liability in circumstances that Defendant could not have reasonably avoided and/or damages that would be grossly disproportional to any actual harm caused by the activity in question, the TCPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution. *See Golan v. Veritas Ent., LLC*, No. 4:14CV00069 ERW, 2017 WL 3923162, at *3 (E.D. Mo. Sept. 7, 2017),

*aff'd sub nom. Golan v. FreeEats.com, Inc.*, 930 F.3d 950 (8th Cir. 2019), citing *Capital Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012) ("[T]he TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable.")

### SIXTEETNTH AFFIRMATIVE DEFENSE

To the extent that the Complaint seeks punitive or exemplary damages under the TCPA, it violates the rights of Defendant under the Due Process provisions of the United States Constitution. Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without the due process of law." *See, e.g. TXO Prod Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 453, 454 (1993); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996). The TCPA affords discretion to award up to $1,500.00 "per violation." Yet, the alleged violation at issue causes de minimis or no actual harm. Hence, imposition of the discretionary punitive damage element built into the TCPA would violate the BMW proportionality test.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent the TCPA is applied against Defendant to impose liability that would be grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Eighth Amendment to the United States Constitution, which prohibits excessive fines. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable." *United States v. Citrin*, 972 F. 2d 1044, 1051 (9th Cir. 1992) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)). The alleged violation at issue causes de minimis or no actual harm. Imposition of a $500.00 or more per call penalty is plainly excessive in this context and, taken in the aggregate, may result in potential damages that are not proportional to the conduct alleged.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring his claims under Article III of the United States Constitution or otherwise (including "prudential" or "statutory" standing), particularly to the extent that Plaintiff consented to receiving the calls and text messages at issue in this action, requested to be texted, induced the text messages, did not use the phone number at issue exclusively for residential purposes and/or used the phone number for business purposes, did not

suffer any injury-in-fact, and/or is not within the "zone of interests" that the TCPA and other laws invoked were designed to protect, among other reasons

### NINETEENTH AFFIRMATIVE DEFENSE

There can be no putative class, as Plaintiff's claims do not support class treatment as, among other things, whether and to what extent Defendant's alleged conduct has caused purported injury or damage is only dependent upon individualized inquiries of each putative class member. Plaintiff also lacks standing to represent any putative class members whose experiences as to Defendant differ from Plaintiff's alleged experience.

**Dated February 2, 2024**

Respectfully submitted,

By: s/ Matthew A. Green
Matthew A. Green, Esquire
Florida Bar No. 1019717
Ariel Jimenez, Esquire
Florida Bar No. 1052428
**COLE, SCOTT & KISSANE, P.A.**
110 Tower, 110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3700
Facsimile (954) 703-3701
Email: matthew.green@csklegal.com
          ariel.jimenez@csklegal.com

*Counsel for Defendant, Tiburcio Professional Group Corp d/b/a People Trucking Insurance*

CASE NO. 1:23-cv-24907-BB

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of February 2024, the undersigned electronically filed the foregoing document through the CM/ECF system and served a true and correct copy of the foregoing document upon counsel for Plaintiff.

By: s/ Matthew A. Green
Matthew A. Green, Esquire
Florida Bar. No. 1019717
Ariel Jimenez, Esquire
Florida Bar No. 1052428